909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PARAMOUNT PACKAGING CORPORATION, Plaintiff/Cross-Appellant,
v.
CELLO BAG COMPANY, INC., Defendant/Appellant.
 Nos. 89-1171, 89-1172.
 United States Court of Appeals, Federal Circuit.
 July 5, 1990.
 
 Before MARKEY,* PAULINE NEWMAN and ARCHER, Circuit Judges.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 This appeal is taken from a judgment of the United States District Court for the Western District of Washington,[1] concerning United States Patent No. 4,573,203, (the '203 patent) owned by Paramount Packaging Corporation. The court held that the patent was infringed by Cello Bag Company and had not been proved invalid, that inequitable conduct had not been shown, that infringement was not willful, and that this was not an "exceptional case" in terms of 35 U.S.C. Sec. 285.
 
 
 2
 We reverse the judgment of infringement and affirm that inequitable conduct had not been shown. We vacate all rulings of the district court not necessary to decision of these dispositive issues.
 
 OPINION
 
 3
 A. Infringement.
 
 
 4
 The claims of the '203 patent all require the presence of a gusset having either "frangible means integral therewith to facilitate access ... facilitating provision of an elongated opening", "a line of perforations", or "perforations". The Cello bag was admitted to be a direct copy of the patented bag except for the absence of perforations. Literal infringement was not charged.
 
 
 5
 Applying the doctrine of equivalents, some equivalent to the claimed structural element "frangible means" or "perforations" must be present in the accused bag. Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935, 4 USPQ2d 1737, 1739-40 (Fed.Cir.1987) (in banc), cert. denied, 485 U.S. 961, 1009 (1988). The law of this circuit is that when a claim element and any equivalent thereof is absent in the accused structure, infringement by equivalency can not be found. Id., 833 F.2d at 935, 4 USPQ2d at 1740.
 
 
 6
 Paramount argues that the presence of perforations or any other frangible means of access to the bag contents was not critical to patentability, that the identical function is performed by tearing or cutting the gusset, and that the prior art shows these various access means to be equivalent. The district court specifically found that the bag could be opened without the use of tools. However, the claims of the '203 patent all require a separate frangible means to facilitate opening the bag. Since the equivalent of a separate frangible means is absent, the district court's finding of infringement under the doctrine of equivalents is in clear error. See id.
 
 
 7
 B. Inequitable Conduct.
 
 
 8
 In view of Cello Bag's assertion that Paramount committed inequitable conduct in its prosecution of the patent application before the Patent and Trademark Office, a transgression that if established could entitle Cello Bag to certain remedies, we have considered the matter. All arguments on both sides have been carefully reviewed. We conclude that the district court did not abuse its discretion in holding that inequitable conduct had not been established. See Kingsdown Medical Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988).
 
 
 9
 C. Costs.
 
 
 10
 Each side shall bear its costs.
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on June 27, 1990
 
 
 [1]
 Paramount Packaging Corp. v. Cello Bag Co., No. C87-900WD(T) (W.D.Wash. Oct. 24, 1988)